[Civ. No. 6591. First Appellate District, Division One.—March 13, 1929.]

DELINA BOTTI et al., Appellants, v. E. J. SAVILL, Respondent.

Roland J. White and Cooley & Gallagher for Appellants.

J. E. McCurdy and Redman & Alexander for Respondent.

NORTON, J., *pro tem.*—This action was brought by the plaintiffs to recover damages for death claimed to have been caused through the negligent operation of an automobile by the defendant.

The plaintiffs are the widow and minor children of Louis Botti, who was struck and killed by the defendant's automobile while crossing the state highway in San Mateo County.

Defendant denied the alleged negligence and affirmatively charged the deceased with contributory negligence. The case was tried before a jury, which returned a verdict in favor of defendant. Motion for a new trial was made and denied, and this is an appeal from the judgment under section 953a of the Code of Civil Procedure. Insufficiency of the evidence and that the court erroneously instructed the jury to the prejudice of the appellants are the grounds relied upon for a reversal.

The accident occurred about 11 o'clock P. M. on the night of December 26th, while deceased was crossing the state highway in San Mateo County at a point a few feet north of Ludermann Lane, Lomita Park. The highway runs north and south and the lane intersects it from the west.

There is evidence to show that the deceased on the night of the accident had entertained Lee Mazzotti and his wife at his home located on the east side of the state highway; that about 11 o'clock that night the deceased and Mazzotti started for the home of a friend of the deceased who lived on the west side of the state highway. They entered the highway from its easterly side a few feet north of its intersection with Ludermann Lane. It was the intention of deceased and Mazzotti to cross to the westerly side of the highway and proceed westerly up Ludermann Lane. The paved portion of the highway at the place where the accident happened is forty feet wide with four traffic lanes to accommodate two cars abreast in each direction. The defendant was driving south on the highway in the extreme westerly lane with the right wheels of his automobile from three to five feet from the west edge of the paved portion of the highway. There were no cars ahead of him or alongside of him, but there was a car traveling south behind him on the inside traffic lane and a few feet from the center line of the pavement and approximately fifty feet behind the defendant's car. The defendant was traveling between twenty-five and thirty miles an hour. His lamps illuminated the highway for a distance of seventy-five feet ahead of his machine and at a distance of forty feet ahead he could see the road from three to five feet to his left. The deceased and his companion, Mazzotti, saw the defendant's automobile when they first entered the highway and when it was from six hundred to nine hundred feet away, and as they proceeded across the highway and at the time of the accident there was a double line of cars going north in the two traffic lanes on the east side of the pavement. The deceased and Mazzotti, with deceased to Mazzotti's left, walked and ran together through the north-bound traffic, paused momentarily when they reached the center of the highway, and then ran fifteen feet past the center of the highway and immediately in front of the defendant's automobile then from forty to fifty feet distant and approaching at a speed of between twenty-five and thirty miles per hour. Decedent and Mazzotti then separated. Mazzotti jumped forward and westerly out of the way of defendant's automobile. Decedent stopped and stood still upon the pavement in front of the machine and was struck by the left front fender of

the car as the defendant turned to the west in an effort to avoid him without running down his companion.

The deceased knew that defendant's car was approaching the path he was pursuing at the time he started to cross and could have seen it if he had looked from the time he emerged from the north-bound traffic, when he reached and stopped in the center of the highway, and at all times thereafter.

The defendant could not see the deceased until he emerged from behind the north-bound traffic and was past the center line of the highway and came into the space made visible by his lights. Deceased was then forty or fifty feet ahead of him. He then applied both the service and emergency brakes and swerved to the right in an effort to avoid the accident.

The line of traffic coming from the south was from three to five feet east of the center line of the highway. There was sufficient space for deceased to have remained there in safety until the defendant's automobile had passed.

There is evidence in the record from which the jury could have concluded that deceased had been drinking intoxicants. There is sufficient evidence in the record for the jury to have found that defendant was free from fault and that the negligence of the deceased was the proximate cause of the accident resulting unfortunately in his death.

The appellants first complain of an instruction that submitted the public or private character of Ludermann Lane to the jury. The character of the lane was immaterial unless in approaching it the view was obstructed and this question was submitted to the jury by another instruction requested by appellants.

The answer denied that there was "an intersection at the place of the accident" and the burden rested upon the appellants to prove an obstructed view in approaching the intersection if they relied on the fifteen mile per hour limit. They introduced no evidence upon the issue, and in their opening statement to the jury based their right to recover upon a different theory, and all the evidence in the case showed that the accident occurred north of the intersection and there was an entire absence of evidence that the view was obstructed. Therefore, submitting the question to the jury was more favorable to appellants than prejudicial.

■ In the next instruction complained of the trial court instructed the jury to the effect that if they believed Ludermann Lane was a public highway the Motor Vehicle Act (Stats. 1923, p. 517), did not require the defendant to reduce his speed until he was actually crossing it, and "that he was not required to reduce his speed while he was approaching it." This instruction was given in connection with the instruction proposed by appellants as to the speed in traversing an intersection where the view is obstructed, and had no reference to the general duty of the defendant to exercise due care under section 113a of the Motor Vehicle Act. The jury could not have understood the instruction to mean that the defendant was licensed to travel at the speed limit under all circumstances.

The court, moreover, gave an instruction in the language of section 113a and further instructed the jury that it was the duty of an operator of an automobile to operate the same at such rate of speed and in such manner as will enable him to retain control over the same, and to seasonably stop it or check its speed in the event it is necessary to do so.

The instructions must be considered as a whole and in their proper relation to the other instructions given in the case, and so considered, these instructions could not have been misleading.

■ The court instructed the jury that the defendant had the right to assume and act upon the assumption that the deceased "would not voluntarily and unnecessarily expose himself to danger." While the instruction is open to the construction placed upon it by the appellants that the defendant had a right to assume that the road was clear, the evidence in this case is such that the jury could not have so understood it or have been misled by it in view of the other instructions given at appellants' request as to the duty of defendant to observe the highway ahead and operate his automobile in a careful and prudent manner so as to avoid injury to the deceased, and hence could not have resulted in harm to appellants.

■ We are not impressed by the argument of appellants criticising the instruction requested by the defendant and given by the court to the effect that if the jury found that the decedent was guilty of contributory negligence even in

the slightest degree and that such negligence on his part proximately contributed to the cause of the accident appellants were not entitled to recover. Negligence is the failure to exercise ordinary care and it is inaccurate to refer to degrees of negligence in cases of this character. A failure to exercise the requisite amount of care under any circumstances is negligence and the term "contributory negligence" in itself implies a want of ordinary care. (*Steinberger* v. *California Electric etc. Co.,* 176 Cal. 386 [168 Pac. 570]; *Metcalfe* v. *Pacific Electric Ry. Co.,* 63 Cal. App. 331 [218 Pac. 486].) In our opinion the trial court committed no error in giving the last instruction objected to.

The judgment is ordered affirmed.

Koford, P. J., and Sturtevant, J., concurred.