[Civ. No. 7691. First Appellate District, Division One.—August 25, 1931.]

THOMAS G. SLAPPEY, Respondent, v. WM. T. SCHILLER et al., Appellants.

Edgar L. Martin for Appellants.

Erwin P. Werner for Respondent.

KNIGHT, J.—The trial court, sitting without a jury, awarded plaintiff a judgment against the defendants for the sum of $1853.59, in an action for damages based upon the alleged negligence of defendants in operating a motor-truck, and defendants have appealed, contending as sole ground for reversal that the evidence is insufficient to support the trial court's finding on the issue of defendants' negligence.

In lieu of a reporter's transcript, the parties entered into a written stipulation setting forth the material portions of the evidence adduced at the trial, and incorporated the stipulation in the clerk's transcript. It appears therefrom without dispute that about 9:30 o'clock in the morning a motor-truck owned and operated by defendants crashed into the rear end of plaintiff's touring car as it stood parked next to and parallel with the curb on the right-

hand side of the street, hurling the car against plaintiff, who was standing on the curb next to his automobile, knocking him unconscious, breaking his collar-bone and inflicting other serious injuries upon his person. The driver of the truck and two men who were riding with him at the time of the accident testified in explanation thereof that they were compelled to turn sharply from their course into plaintiff's automobile to avoid colliding with an automobile driven by some woman, unknown to them, who swerved directly in front of their truck. But in direct contradiction of such explanation, the ''plaintiff and his two witnesses testified'', so the written stipulation states, ''that at the time of the accident there was no traffic moving on said highway except the truck of defendants''.

It will be seen at once, therefore, that there is a sharp conflict in the testimony relating to the single question of fact controlling the determination of the case, namely, whether the presence of another automobile caused defendants suddenly to divert their course, as claimed by them. Indeed, defendants concede the existence of such conflict, but they argue that in deciding the disputed question of fact the trial court should have believed their witnesses instead of plaintiff and his two witnesses. In other words, the only foundation for the appeal is a claimed preponderance of evidence in favor of defendants, notwithstanding that the finding of the trial court on the vital question of fact in the case is directly and substantially supported by testimony adduced on the part of plaintiff. Such an appeal is held to be frivolous. (*Holcomb* v. *Breitkreutz*, 180 Cal. 17 [179 Pac. 162] ; *Brannigan* v. *Miller*, 35 Cal. App. 292 [169 Pac. 696].)

Moreover, the undisputed facts of the case, showing among other things that plaintiff's automobile at the time it was struck was parked alongside of the curb, are amply sufficient to satisfy every essential element of the doctrine of *res ipsa loquitur;* and consequently the inference of defendants' negligence arising therefrom in itself is legally sufficient to sustain the trial court's finding on that issue, regardless of the supporting testimony given by plaintiff and his two witnesses. In this respect the case is identical in principle with *Bauhofer* v. *Crawford*, 16 Cal. App. 676 [117 Pac. 931, 932], wherein a passing automobile struck a

milk wagon standing alongside of the street, injuring the driver of the wagon as he was alighting from the wagon to serve a customer; and in applying the rule of presumed negligence the court said: "The rule thus invoked [arising from the doctrine of *res ipsa loquitur*] is laid down in the case of *Judson* v. *Giant Powder Co.*, 107 Cal. 549 [48 Am. St. Rep. 146, 29 L. R. A. 718, 40 Pac. 1020], and a number of other California cases as follows: 'When the thing which causes the accident is shown to be under the management and control of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have such management and control use proper care, it affords reasonable evidence, in absence of explanation by the defendant, that the accident arose from the want of ordinary care by the defendant.' Under such circumstances proof of the happening of the event raises a presumption of the defendant's negligence, and casts upon the defendant the burden of showing that ordinary care was exercised." In the present case the defendants did not make such showing, the explanation offered by them as an excuse for having collided with plaintiff's automobile as it stood parked along the curb having been rejected by the trial court as being without foundation in fact. Therefore, since it is within the exclusive province of the trial court to pass upon the credibility of witnesses, its decision in the matter is controlling on appeal.

Finally, it may be stated that aside from either of the two points above mentioned, the physical conditions existing immediately following the accident, as shown by the statement of facts, including the location of plaintiff's automobile, are legally sufficient to support the inference that the truck was not being driven in a prudent manner and with ordinary care.

In the state of the record above described, it must have been obvious to defendants from the beginning that the prospect of a reversal of the judgment was hopeless; and since the appeal presents no question of law, it would appear that it was taken for the purpose of delay. The judgment was entered in May, 1928, and as a result of the appeal therefrom plaintiff, whose injuries were inflicted entirely without fault on his part, and incapacitated him for several months from following his occupation as a

sign painter, has been deprived of the benefit of his judgment for over three years. The circumstances are such, therefore, as call for the imposition of a penalty. (*Holcomb* v. *Breitkreutz, supra; Brannigan* v. *Miller, supra*.)

The judgment is affirmed, with damages added in the sum of $50 for a frivolous appeal.

Murphey, J., *pro tem.*, and Tyler, P. J., concurred.