[Civ. No. 4609.   Third Appellate District.—December 5, 1932.]

HANK JOHNSON, Appellant, v. CARL OSTROM, Respondent.

Vincent W. Hallinan, Emmett R. Burns and C. K. Bonestell for Appellant.

Humphrey, Searls, Doyle & MacMillan and Levinsky & Jones for Respondent.

THOMPSON (R. L.), J.—The plaintiff obtained judgment for $15,000 damages for personal injuries sustained in an automobile casualty. The cause was tried with a jury. Upon motion, the court granted a new trial on the grounds that the amount of damages is excessive and that the judgment is not supported by the evidence. From this order granting a new trial the plaintiff appealed.

On the evening of September 22, 1930, plaintiff and three other men accompanied the defendant as guests in his Ford sedan on a fishing expedition from Escalon to the Stanislaus River. Only one member of the party attempted to fish. They lay about on the sand, eating, drinking and telling stories. One witness infers they had an uproarious time. The plaintiff fell into the river, soaking his clothing to the waist. There is a flat contradiction of witnesses regarding the presence of liquor. The defendant admits they had a little wine. One other witness admits they drank wine about the campfire. The plaintiff denies that they had wine. Axel Larsen, who testified in behalf of the plaintiff, also denies they had liquor. William Hammerquist, who was called in rebuttal by the defendant, testified that both Larsen and Axel Olsen told him they had a gallon of wine at the party.

About 1 or 2 o'clock in the morning they started on the return trip to Escalon. The night was bright, the weather clear and the pavement dry. The defendant was driving the machine. Axel Larsen sat by his side in the front seat. The plaintiff and the two other companions rode in the rear seat. They drove at a moderate rate of speed from the river to the Tracy-Modesto state highway over a dirt road, a distance of three-quarters of a mile. Upon reaching the concrete highway, they turned north toward Escalon. Several of the witnesses, including the plaintiff, testify that after they reached the highway the defendant increased the speed of his machine until he was running at the dangerous rate of fifty or sixty miles an hour; that the car swayed from side to side traveling all over the concrete portion of the highway, and sometimes out upon the shoulders thereof; that he was warned against this excessive speed, and the plaintiff demanded he either decrease the speed of the car or let him out to walk; that just before reaching a concrete culvert the car was running on the left-hand shoulder of the roadway and in pulling it back upon the paved portion of the highway the car skidded and upset on its left side, rolling over twice and landing about the middle of the bridge. There is no evidence of any mechanical defect in the machine. After the accident the right rear wheel was found to be twisted. The evidence quite clearly indicates that in returning to the pavement the wheels of the machine

caught upon the shoulder of the concrete or skidded, causing it to turn sharply to the right and overturn on account of its momentum.

The granting of a new trial upon the ground that the judgment is not supported by the evidence is largely discretionary with the trial court and the order will not be disturbed except for a clear abuse of discretion. (2 Cal. Jur. 905, sec. 533; *Peri* v. *Culley,* 119 Cal. App. 117 [6 Pac. (2d) 86, 87].) In the case last cited a new trial was granted on the ground that the amount of damages which was awarded was inadequate to compensate the plaintiff for the injuries sustained. On appeal the order was affirmed. The court said:

"In view of the broad discretionary power thus vested in trial courts we are not prepared to hold as a matter of law in the present case that the granting of the new trial constituted an abuse of such power, for in addition to the evidence itself showing the nature and extent of plaintiff's injuries the trial court was afforded full opportunity during the course of the trial to observe plaintiff's condition . . . "

This language is appropriate to the present case. The order granting a new trial recites that "The amount of the verdict is excessive to such an extent that the court concludes it is rendered by passion and prejudice." In addition to considering the evidence adduced at the trial, the court had an opportunity to observe the plaintiff and to better determine the nature and result of his injuries. On appeal, we are unable to say as a matter of law this judgment of $15,000 damages is not excessive. The appellate court may therefore not disturb this exercise of discretion on the part of the trial court in granting a new trial.

In granting the motion for a new trial the court held that: "The evidence introduced at the trial . . . (is) of such a character as to force the court to the conclusion that the truth in this case is not on the plaintiff's side." In determining a motion for new trial the court has a right to consider the weight and sufficiency of the evidence adduced as well as the credibility of witnesses. In justification of the above quotation. from the court, it may be observed that while the defendant admitted the drinking of intoxicating liquor at the river by the members of the party, the plaintiff's witnesses denied this fact. In rebuttal, Will-

iam Hammerquist was called by the defendant and testified that both Axel Larsen and Axel Olsen admitted to him the party had consumed a gallon of wine at the river. Plaintiff's witnesses, including his brother, Otto Johnson, testified with unanimity that the defendant operated his machine in a reckless manner, running at an excessive rate of speed estimated at from fifty to sixty miles an hour, and that plaintiff protested against such excessive speed, declaring he would get out and walk if the speed were not decreased. On cross-examination of plaintiff's brother, he admitted signing a written statement concerning the circumstances of the accident, twenty days after it occurred, in which he said: "Ostrom was driving at a moderate rate of speed, not exceeding thirty-five miles an hour. . . . At the time when this accident occurred, he was driving very carefully, not one in his car had any reason to complain of the manner in which he drove his car. I cannot understand how the accident occurred." When this witness was asked how he reconciled these conflicting statements, he declared that he had changed his mind about those matters since he signed the written document.

These irreconcilable contradictions are matters which the trial court had a right to consider in determining the motion for a new trial.

The appellant asserts that the application of the doctrine of *res ipsa loquitur* establishes the negligence of the defendant and precludes the granting of a new trial. At the time of the accident the plaintiff was riding in the automobile as the guest of the defendant. Under the provisions of section 141¾ of the California Vehicle Act, as it then existed, it was necessary to establish gross negligence on the part of the defendant to support the judgment. Even though an application of the doctrine of *res ipsa loquitur* under proper circumstances would infer gross negligence as distinguished from ordinary negligence, which we do not decide, it is difficult to see how that doctrine would add any weight to the evidence regarding the cause of the accident. Moreover, the alleged contributory negligence of the plaintiff was also an issue in the case, upon which the court was entitled to grant a new trial independently of the negligence of the defendant.

█ The application of the doctrine of *res ipsa loquitur* depends upon the particular circumstances of each case. It is predicated on the theory that the complainant has no knowledge of the direct cause of the accident, and that the operator of the instrumentality · by means of which the injuries are inflicted, possesses superior knowledge or opportunity to ascertain the cause of the accident. Under such circumstances, the one having charge and control of the machine must assume the burden of explaining the cause of accident, or upon failure to do so, a *prima facie* showing of negligence will be inferred. (45 C. J. 1205, sec. 773; 15–16 Huddy's Ency. of Automobile Law, p. 280, sec. 157.) The converse of this rule is likewise true. If the evidence affirmatively shows the operator or manager of the instrumentality by means of which the injuries are inflicted has no superior knowledge or by the exercise of reasonable care is unable to secure information regarding the cause of the accident, or the evidence establishes the fact that the complainant possesses all the knowledge or information thereof which is reasonably accessible to the operator of the machine, then the doctrine of *res ipsa loquitur* has no application.

In the present case the plaintiff and three of his witnesses rode in the car. They observed the defendant's manner of operation and testified to every detail thereof. Presumably they knew as much regarding the cause of the accident as he did. They testified that he drove the Ford sedan along the highway in a reckless manner, at a high rate of speed, estimated at from fifty to sixty miles an hour, swaying from one side of the roadway to the other; that the machine was running on the shoulder of the wrong side of the highway immediately prior to the accident, and was suddenly pulled back upon the concrete without diminishing its speed; that the car headed diagonally across the concrete, upset, rolled over twice and landed near the middle of the bridge. There is no evidence of any mechanical defect of the machine. Assuming that this evidence is true, it is apparent that the cause of the accident was the sudden diverting of the course of the automobile, without diminishing its excessive speed, from the shoulder of the highway to the paved portion thereof, upon the edge of which the wheels either caught or skidded, overturning the machine. This is evidently the plaintiff's theory of the cause of the

accident. It leaves no room for the application of the doctrine of *res ipsa loquitur*. But, even though the inference of negligence created by this doctrine is added to the weight of plaintiff's evidence, it does not preclude the court from granting a new trial on the theory that the plaintiff was guilty of contributory negligence.

The order granting the motion for a new trial is affirmed.

Pullen, P. J., and Plummer, J., concurred.