[Civ. No. 9116. First Appellate District, Division One.—October 18, 1934.]

MARY BELLE CREAMER, Appellant, v. JOHN CERRATO et al., Respondents.

George K. Ford for Appellant.

Ross & Ross for Respondents.

GRAY, J., *pro tem.*—Appellant sued to recover damages for personal injuries, received by her as the result of a collision between her automobile, parked on its right side of an avenue, and an automobile truck owned by respondent V. Boido, and operated, on its wrong side, by respondent John Cerrato, his employee. After trial, the jury returned

its verdict in favor of respondents. From the judgment entered thereon, she appeals, assigning as error six instructions given at respondents' request.

The following summary of the material testimony will suffice for a proper consideration of her criticism of these instructions. Appellant stated that she had parked her automobile, headed easterly, on the south side of Park View Avenue about 30 feet westerly of its southwest corner with Miriam Street and had visited a friend residing on the north side of the avenue; that, as she stepped off the north curb, on her return to her automobile, she saw respondents' truck 416 feet easterly of her automobile, coming westerly on its right side of the avenue, down a grade at a pretty rapid rate; that, as she got to her automobile door, she heard the screeching of a machine and saw the truck in the center of the avenue, distant 110 feet from her and 25 or 30 feet from a little girl, who was 4 feet from the northerly curb; that the truck swung out in a zigzag course, struck the front fender and spare tire in the fenderwell of her automobile and overturned, striking her in the back and skidding 27 or 30 feet past the rear of her automobile. This girl's mother, called by appellant, testified that her child had taken two or three steps into the avenue from its north curb when she saw the truck approaching at a speed of 30 to 35 miles per hour; that, in response to her command, the child turned back; that the driver of the truck applied his brakes, swerved first to his left, as if to turn southerly into Miriam Street, and then to his right, when he struck the automobile and overturned. Appellant's second witness said that he heard a scream and, upon looking east, saw the truck traveling at a speed of 25 to 30 miles per hour, on its right side 5 or 6 feet from the curb and the child, apparently standing, 10 or 15 west of the right front of the truck; that the driver turned suddenly to his left, going as if to turn toward the southwest corner and then, to his right, hitting the front end of the automobile and upsetting 27 feet beyond. Respondent Cerrato testified that, intending to turn south into Miriam Street, he was driving west on his right side of Park View Avenue, 5 or 6 feet from its north curb, at a speed of 15 miles per hour; that, due to the steep grade, he had his foot on the brake; that he first saw the little girl standing on the north curb; that, suddenly, when he was

10 or 15 feet from her, she ran in front of his truck; that, then, he took his foot off of the brake, stepped on the gas, turned to his left, missed the child, tried to straighten his truck, swerved in a semi-circle and tipped over; that he did not feel the impact of the collision.

The court instructed the jury "that the mere happening of an accident in which plaintiff is alleged to have been damaged raises no presumption of negligence on the part of the defendant, John Cerrato". Appellant correctly contends that the instruction advised the jury that the doctrine of *res ipsa loquitur* was inapplicable and therefore prohibited it from considering, as evidence, an inference of negligence from the happening of the accident. The doctrine would have been applicable, if the evidence had merely shown that the truck, traveling on its wrong side, had struck the automobile, parked on its right side and such facts would have raised an inference that the truck driver was negligent. (*Bauhofer* v. *Crawford,* 16 Cal. App. 676 [117 Pac. 931]; *Slappey* v. *Schiller,* 116 Cal. App. 274 [2 Pac. (2d) 577].) Under such circumstances, it would have been error to have given the instruction. (*Davis* v. *Brown,* 92 Cal. App. 20 [267 Pac. 754]; *Morris* v. *Morris,* 84 Cal. App. 599 [258 Pac. 616].) But, since the testimony of appellant and of her witnesses explained the reason for the accident by showing that the truck's speed caused its driver to lose control in attempting to avoid the child, the doctrine is not applicable and the inference of negligence, raised by an unexplained collision, disappeared. (*Binns* v. *Standen,* 118 Cal. App. 625 [5 Pac. (2d) 637]; *Johnson* v. *Ostrom,* 128 Cal. App. 38 [16 Pac. (2d) 794]; *Gritsch* v. *Pickwick Stages System,* 131 Cal. App. 774 [22 Pac. (2d) 554].) Under the evidence, the instruction was proper.

Appellant complains of three instructions stating, in abstract terms, the rule as to the amount of care required, when acting in a sudden emergency or peril, claiming that the first placed upon her the burden of proving that the operation of the truck on its wrong side was inexcusable and the other two denied the jury the right of considering whether the driver's failure to have his truck under control was the proximate cause of the collision. She makes no claim either that the rule was incorrectly stated or that it was not applicable under the driver's testimony. Each of

these instructions contained the qualification that the rule could not be invoked by a person who was negligent. Appellant did not request nor did the court give any instruction as to the operator's duty to drive on his right or to keep his machine under control. These instructions did not specifically treat of these duties but merely, in general terms, advised the jury that what might be negligent under ordinary conditions could be excused by a sudden emergency. The effect of these instructions, therefore, was not as appellant claims. In absence of a request, she cannot now complain that the instructions were not as full as she now desires. (*Comstock* v. *Morse,* 107 Cal. App. 71 [290 Pac. 108].)

At respondents' request the jury was instructed that appellant could not recover for damages, caused by an unavoidable accident, which was defined as one which occurs despite the exercise of reasonable care upon the part of all concerned to avoid it. Appellant argues that, since the evidence presented the sole issue of respondents' negligence and not of an unavoidable accident, this instruction erroneously invited the jury to speculate upon matters not in issue. But, since appellant requested an instruction, which was given, stating the converse, she did, at the trial, consider this issue raised by the evidence. The driver's testimony, which, if believed, excused his acts, negligent under ordinary conditions, because of the sudden peril, raised this issue, for if he was not negligent, the accident was unavoidable. (*Raymond* v. *Hill,* 168 Cal. 473 [143 Pac. 743] ; *Leslie* v. *Catanzaro,* 272 Pa. 419 [116 Atl. 504].) The instruction could not have been harmful to appellant for she had the burden of proving that the collision was occasioned by the negligence of respondents, which would exclude an unavoidable accident. (*Pearce* v. *Elbe,* 98 Cal. App. 101 [276 Pac. 389].) The general denial, in the answer, of the general allegation of negligence, in the complaint, permitted respondents to rely upon the defense of unavoidable accident. (*Pearce* v. *Elbe, supra.*) Since the issue was raised by respondents' pleading and evidence they were entitled to this instruction. (*Graham* v. *Consolidated Motor Transport Co.,* 112 Cal. App. 648 [297 Pac. 617].)

The court instructed the jury as follows: "There are no degrees of negligence or contributory negligence in

this case. In other words, if you find that the plaintiff was guilty of any contributory negligence, *however slight,* which proximately contributed to cause the injury and damage complained of, you are not to weigh and balance such contributory negligence against any negligence on the part of the defendant John Cerrato, but it is your duty, if you find that there was any contributory negligence on the part of the plaintiff which proximately caused her injuries to return your verdict in favor of the defendants." (Italics ours.) By unduly emphasizing and transposing the adjective "slight" appellant reasons that the court erroneously told the jury that slight negligence, that is, the omission to exercise great or extraordinary care, would bar her recovery. The instruction as a whole, particularly the first sentence, clearly negatives any such strained construction. The same argument as to the effect of the use of the adjective "slight" in a similar instruction was demonstrated to be untenable in the well-reasoned opinion of *Metcalfe* v. *Pacific Electric Ry. Co.,* 63 Cal. App. 331 [218 Pac. 486], and again in *Meredith* v. *Key System Transit Co.,* 91 Cal. App. 448 [267 Pac. 164], and in *Botti* v. *Savilli,* 97 Cal. App. 524 [275 Pac. 1029]. (See, also, 45 C. J. 978, for additional authorities.) Any doubt as to the meaning of this instruction was removed by the definition of contributory negligence as the want of ordinary care, in the next preceding instruction.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 17, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 17, 1934.