[Civ. No. 11328.   Second Appellate District, Division One.—September 21, 1937.]

VAHAN MAZGEDIAN, Respondent, v. SWIFT & COMPANY (a Corporation) et al., Appellants.

Hugh B. Rotchford and Robert E. Ford for Appellants.

A. M. Astor, Hooper & Miller and Lloyd O. Miller for Respondent.

HOUSER, P. J.—The pertinent facts appear to be that at the time herein in question, plaintiff was the driver of a truck on a "one-way" street, and that while acting in such capacity, as he approached a street which intersected that on which he was driving, his progress in the direction in which he was traveling was obstructed by a parallel line of automobiles which theretofore had been formed by reason of the fact that traffic was controlled at said intersection by "stop-and-go" signals. With reference to such automobiles, it further appears that notwithstanding nothing had obscured plaintiff's vision thereof, up to a point where plaintiff had arrived within fifteen or twenty feet of the last automobile in said line of traffic, he had failed to see that none of said automobiles was moving or that the last automobile in said line was stationary. However, immediately after his discovery of that situation, he applied the brakes ("hard") on the truck that he had been driving, and thereupon the truck was stopped within two or three feet of the last automobile in the line of traffic. Although plaintiff had knowledge of the fact that his truck was preceding another truck that was then being driven by defendant Leslie, at no time did plaintiff give a signal of any kind that would have indicated his intention either to "suddenly decrease" the speed at which theretofore he had been driving his truck, or to bring it to a stop,—notwithstanding the fact that he had "opportunity to give such signal". (Subd. c, sec. 544, Vehicle Code.) In that regard as a reason for such failure on the part of plaintiff, he testified variously, but in part as follows:

"Q. When had you seen the Swift truck behind you, prior to the time you stopped? A. Just before I stopped. Q. And

how far back was it then? A. You mean how far back was he? Q. Yes. A. Oh, about half a block, or so. . . . Q. . . . By Mr. Rotchford (defendants' counsel, reading from plaintiff's deposition) : ' . . . Q. He followed you down the street? A. Yes, he followed me down the street. Q. About how close behind you was he following you? A. I couldn't say. Q. A matter of a few feet? A. Yes.' Q. Now, Mr. Mazgedian, you told us that he was about half a block behind you. Which do you want me to believe? A. Well, a few feet, a half a block is about the same thing, because I didn't say exactly how far. Q. In your opinion a few feet is the same as half a block, is that right? A. Well, I didn't say exactly how far he was, because I don't—I couldn't say for sure. . . .

Q. Did you give any signal? A. No, because the truck was not right behind me at that time. Q. You have told me that the truck was following you all the way. A. But he wasn't that close to me. Q. Where was he? A. I don't know how far. Q. You did not even look to see where he was, is that right? A. I knew he was following me, because when I turned on Santa Barbara Avenue (approximately two blocks from the point where the accident occurred) I saw him then, but I don't know how far he was from me when I stopped.''

''About the same instant'' after plaintiff had stopped his truck, and ''before the signal said 'go' '', the truck that at that time was being driven by defendant Leslie collided with the rear of plaintiff's truck, as a result of which plaintiff sustained certain personal injuries, for and on account of which, in the superior court, in an action there instituted by him, he recovered a judgment against the defendants. It is from that judgment that the instant appeal is taken.

Appellants urge the point that plaintiff was guilty of contributory negligence, and hence that the judgment should be reversed. In that connection, it is noted that subdivision (c) of section 544 of the Vehicle Code of this state provides that ''no person shall stop or suddenly decrease the speed of a vehicle on a highway without first giving an appropriate signal in the manner provided in this chapter to the driver of any vehicle immediately to the rear when there is opportunity to give such signal''.

In an action to recover a judgment for personal injuries which are alleged to have ensued from an accident that was caused by the negligence of the defendant therein, it is

established law that where it appears that the violation of a statute by the plaintiff is shown to have contributed proximately to the happening of the accident, the plaintiff is not entitled to recover a judgment.

In the instant case, although according to plaintiff's testimony, he was traveling at a rate of fifteen to twenty miles per hour, it is undisputed that neither immediately nor at all before stopping the truck that he had been driving, did plaintiff give any signal of his intention either to stop the truck or to "suddenly decrease" its speed. Nor is it asserted that plaintiff had no "opportunity to give such signal". Defendant Leslie testified that immediately preceding the time when the accident occurred, he drove his truck behind that which plaintiff was then operating at a distance therefrom of from six to twenty feet, and at a speed of from six to ten miles per hour up to the instant when his truck struck plaintiff's truck, at which time he estimated his speed at two miles per hour. In such circumstances, whatever properly may be said regarding the negligence of defendant, it is a fair conclusion that had plaintiff given a timely and "an appropriate signal" of his intention to stop his truck, defendant might have been able to stop the truck which he was driving in time to prevent it from colliding with the truck which plaintiff was then driving. At any rate, it is clear that plaintiff's negligence in the premises proximately contributed to the happening of the accident.

It becomes unnecessary to consider other points that are presented by appellants.

The judgment is reversed.

York, J., and Doran, J., concurred.