[Civ. No. 18259. Second Dist., Div. One. Sept. 4, 1951.]

ANNA TURKOVICH, Appellant. v. WILLIAM JAMES ROWLAND et al., Respondents.

Nicholas Ferrara for Appellant.

Parker, Stanbury, Reese & McGee and R. S. Harrington for Respondents.

DRAPEAU, J.—Plaintiff, Anna Turkovich, was riding with two other persons in the single seat of a coupé. She was in the middle of the seat between a lady driver, Olga Petrovich,

and a gentleman on her right. The coupé was going easterly along Culver Boulevard to its intersection with Main Street in Culver City, in Los Angeles County. It was about 7:30 p. m., and dark at the time.

About 25 to 30 feet west of the pedestrian crossing at the intersection, the driver of the coupé made a sudden stop, and defendant's car following ran into it.

The driver of that car, one of defendants, testified that he had been driving about 18 to 20 feet behind the coupé for a city block; that he was going 20 to 25 miles an hour; that he saw no arm signal given; that he applied his brakes when he saw the stoplight on the coupé light up; but that the coupé stopped so quickly that he was unable to check the momentum of his vehicle in time to avoid the collision.

After the accident this witness went forward opposite the driver's window of the coupé, and found the door locked and the glass window rolled up. Plaintiff makes no contention that an arm signal was given.

Plaintiff was thrown forward to the front of the coupé and then backward against the cushion on the back of the seat. She was taken to the Santa Monica hospital in an ambulance, examined there by an intern, and discharged as "ambulatory." She went home and went to bed and next morning called her doctor. He pronounced her injury a mild form of concussion, gave her sedative medicine, and told her to stay in bed.

About a week later plaintiff caught her hand in the wringer of a washing machine. The injuries thus suffered were painful and severe, and required treatment for several weeks, and a number of calls to her doctor's office.

Plaintiff testified that she lost consciousness just before she caught her hand in the wringer, and her doctor testified that such loss of consciousness could have been from the injuries received in the accident.

The case was tried by a jury, whose verdict was for defendants. From the judgment which followed, plaintiff appeals.

Plaintiff argues that the negligence of the driver of the following car was in some degree, at least, the proximate cause of the accident; that the negligence of the driver of the coupé was not imputable to plaintiff; also that it was error for the trial court to give and to refuse certain jury instructions.

It was the province of the jury to determine the proximate cause of the accident. (See cases collected in 19 Cal.Jur. 732.) When an automobile following another one runs

into the car in front, negligence is a question of fact and not of law. (*Wohlenberg* v. *Malcewicz*, 56 Cal.App.2d 508 [133 P.2d 12].)

By its verdict the jury found that the proximate cause of the accident was the negligence of the driver of the coupé, and that defendant driver was not negligent. The evidence supports the verdict.

Plaintiff complains of the giving of the usual instruction relative to unavoidable accident. Since plaintiff had the burden of proof to show that the accident was caused by negligence of the defendant driver, this instruction cannot be said to have been harmful to plaintiff's case. (*Parker* v. *Womack*, 37 Cal.2d 116 [230 P.2d 823].)

Plaintiff complains of an instruction based upon section 544(c), Vehicle Code, relative to giving of signals, and contends that it was not applicable to plaintiff as a passenger in the coupé. The instruction was proper, however, because whether an arm signal was or was not given was relevant to the issue of proximate cause.

Plaintiff also complains of the giving of an instruction (BAJI 149-a) relative to the application by the jury of a failure of any party to an accident to comply with the law. This instruction was likewise proper in view of the issues involved.

Plaintiff further complains of the giving of an instruction following Vehicle Code, section 577(a), relative to the code requirement that all vehicles must stop at through highways; and of the failure to give an instruction proposed by plaintiff (BAJI 149-b.). Plaintiff contends that the jury was not properly instructed, "since defendants would in any event be liable, unless Olga Petrovich's negligence was the 'sole' proximate cause of the accident." However, the essential fact for plaintiff to prove was negligence of the defendant driver.

The jury was fully and fairly instructed upon all of the issues in the case. There was no error in giving or refusing any particular instruction.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied September 24, 1951, and appellant's petition for a hearing by the Supreme Court was denied November 1, 1951.