[Civ. No. 4990.   Fourth Dist.   Mar. 22, 1956.]

HUGH WRIGHT et al., Respondents, v. JAMES
VAUGHN et al., Appellants.

T. R. Claflin for Appellants.

Deadrich, Bates & Stewart for Respondents.

GRIFFIN, J.—Plaintiffs, husband and wife, brought this
action against defendants, husband and wife, for damages
as a result of a collision of their cars on a rainy night on
December 24, 1952, on Trust Avenue, near Bakersfield. Plain-
tiffs were driving in a general easterly direction, and at about
5:30 p. m. they drove from the south side of Trust Avenue
to the north side thereof and parked their car, in violation
of the law, entered the home of their son to take in some

Christmas presents, and remained there until 6 p. m., when they lit their car lights, drove away, and crossed over to the south or their right-hand side of Trust Avenue and proceeded onward in an easterly direction for a short distance (estimated at about 60 feet beyond the lot line of the son's home or 80 feet from where the car was first parked.) About that time a dog ran in front of plaintiffs' car and the driver, Mr. Wright, stopped rather suddenly to avoid hitting it. He testified his lights were in good condition and when he applied the brakes to stop they automatically so indicated; that soon thereafter his car was struck from the rear by defendants' car; and that it injured Mrs. Wright and damaged their car.

Defendants denied their negligence, claimed negligence on the part of plaintiffs, and filed a cross-complaint claiming damages for injury to their car.

Defendants concede there was sufficient evidence to support a finding of negligence on their part but claim that plaintiffs were guilty of contributory negligence as a matter of law, and that there was no sufficient evidence to support the finding that plaintiffs were not guilty of contributory negligence. This is the only claim made on this appeal. Judgment was rendered in favor of plaintiffs for $1,641.64, and defendants were denied relief on their cross-complaint.

Defendant James Vaughn testified generally that he had taken a drink of whiskey in Arvin, was on his way home on Trust Avenue proceeding on the southerly half thereof about 15 to 25 miles per hour; that he stopped for a gutter crossing and did not recall seeing any car ahead of him; that just as he shifted into high gear he ran into the rear end of plaintiffs' car; that he did not see it or any lights on it at all; that the accident happened "just like that"; that just before he struck it he was traveling about 20 miles per hour and that he then noticed the stop lights, tail lights and front lights were lit on plaintiffs' car and he applied his brakes, skidded his car about 10 feet, and knocked plaintiffs' car about 60 feet from the point of impact. He admitted telling plaintiffs' son that he had a "couple of drinks" and it would "go hard with him with the officers" if they discovered it. The son stated defendant driver said an ambulance should be called and his mother taken to the hospital, and that he agreed to pay the doctor bill.

While the evidence might well have supported a finding of contributory negligence on the part of plaintiffs, it cannot

be said that the evidence shows it as a matter of law. It might justify the conclusion that plaintiffs had returned to the proper side of Trust Avenue and were lawfully proceeding thereon before their car was struck from the rear.

Plaintiffs' son testified they went out of their house to the car; that plaintiffs' car started up after the lights were lit; that it proceeded across the street; and that they then returned to the porch of their home before they heard the screeching of brakes and the impact. The brakes on plaintiffs' car were applied and this fact was indicated by the stop lights. Apparently defendants were not looking, or for some unexplained reason did not see plaintiffs' car in front of them in time to avoid the accident. These facts differentiate the case from *Mazgedian* v. *Swift & Co.*, 22 Cal.App.2d 570 [71 P.2d 833], relied upon by defendants. There is some evidence to support the trial court's finding that there was no negligence on the part of plaintiffs contributing proximately to their injuries.

It is a cardinal doctrine often enunciated that where, upon a question of fact, the testimony in the court below involves a substantial conflict, the action of the trial court will not be disturbed. Wherever there is a fair and reasonable amount of evidence to support the finding of a jury it will not be disturbed by an appellate court although in its opinion it is against the preponderance of the evidence. (10 Cal.Jur. 1172, § 383.)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.