[Civ. No. 8925.   Third Dist.   Feb. 8, 1957.]

ELSWORTH A. DAVIS, Plaintiff and Appellant, v. JOHN W. EWEN, Respondent; ARGONAUT INSURANCE EXCHANGE, Intervener and Appellant.

Ralph E. Kingston for Plaintiff and Appellant.

Patridge, O'Connell & Whitney for Intervener and Appellant.

Jones, Lane, Weaver & Daley for Respondent.

SCHOTTKY, J.—This is an appeal from a judgment entered on a jury verdict in favor of defendant and against plaintiff, Elsworth A. Davis, and plaintiff in intervention, Argonaut Insurance Exchange, in a personal injury action.

As grounds for reversal of the judgment appellants make the following major contentions: (1) There was no substantial evidence to support the verdict as a matter of law. (2) The court erred in failing to give instruction requested by the appellant on the doctrine of res ipsa loquitur. (3) The court erred in giving an instruction on the doctrine of unavoidable accident where such an instruction was not supported by the evidence.

The record shows that on October 25, 1954, Davis was a construction laborer working for the S. M. McGaw Company, and at approximately 7:30 a.m. was riding with another laborer in the cab of a pickup truck driven by a third McGaw employee, the foreman, being transported from the McGaw offices to the place of work. Davis was seated in the middle of the seat. The weather was clear, it was daylight and the streets were dry. The traffic going west on Miner Avenue in the city of Stockton was congested and stopped at the railroad crossing east of Miner Avenue. The vehicle which respondent was driving was immediately behind that in which appellant Davis was riding. After starting up, the traffic moved in this congested state at about 25 miles per hour up to where the collision took place. Upon approaching more closely to the intersection of Miner Avenue and Wilson Way, where traffic was controlled by traffic lights, according to the testimony of appellant Davis the driver of the vehicle in which he was riding brought the vehicle to a gradual stop about 8 feet to 10 feet behind the stopped vehicle ahead of him. At that time the respondent was following the vehicle in which said plaintiff was riding by approximately 20 feet and traveling about 20 to 25 miles per hour. When the respondent saw the vehicle ahead stop, he applied his brakes and stopped as fast as he could. His brakes were in excellent condition and he laid down 10 feet of skid marks up to the point of

impact of the front end of the respondent's vehicle with the rear end of the pickup truck. Appellant testified that the vehicle in which he was riding was struck just as it "got stopped still." Respondent testified that the vehicle ahead stopped without warning and that the event happened so fast that respondent couldn't turn either way. Respondent contends that he was surprised and bases this contention on the following testimony:

"Q. Well, Mr. Ewen, you knew the traffic was in more or less a start and stop condition as you were driving along there, didn't you? A. Absolutely. Q. So you weren't surprised to find that automobile stopping ahead of you, were you? A. No, I wasn't—I was surprised, yes, at this time I was surprised, but ordinarily I make the stop like everybody else. I was trying to make the light, too. Q. And when you say you were trying to make the light you were referring to the light—— A. The light on Wilson Way."

However, the appellants argue that the surprise of respondent amounted to his being surprised that he was again required to stop.

The driver of the vehicle in which appellant Davis was riding testified that the only damage to his vehicle was "a very slight dent" in the left rear fender. The respondent expressed some doubt as to whether he had made the dent in the fender and stated that meeting the pickup truck squarely with the front end of his automobile as he did, it could not possibly get to the fenders past the pickup bumper because the fenders are ahead of the bed of the body of the pickup truck.

The impact, so far as appellant Davis was concerned, and according to his testimony, was sudden and unexpected, and it snapped his head forward and backwards quickly. Appellant testified that this caused him to have a headache and pain in the back of his neck immediately after the impact, but believing that he was not seriously injured, he worked at his regular work for the balance of that week, at which time he was laid off for reasons not connected with any claimed injury. He testified that during that time the pain became steadily worse.

Appellant made no complaint to his foreman at the time of the accident as to pain in his knee, shoulders or back, nor did he make any complaint the rest of the week. After the accident, on Monday, appellant was engaged in heavy construction work involving use of jackhammers, loading broken

concrete, and digging ditches with shovel and pick, and he continued this type of work until he was laid off on Friday. Appellant's wife testified that appellant complained of pain in his neck on the evening of the day the accident occurred.

On Monday following the layoff, appellant came to the plant of his employer and talked to the superintendent and complained about an injury to his arm which had occurred a week or two previous when a compressor was claimed to have rolled upon it. The superintendent advised that he had no report on this injury. Appellant made no complaint at this time about pain in his neck or shoulder. Two days later the complaint in this action was filed.

Appellants' first contention is that the evidence is insufficient as a matter of law to support the verdict in favor of respondent. Appellants argue that the undisputed testimony of respondent himself shows that he was following too closely, that his automobile was in perfect operating condition, and that he failed to use due caution under the circumstances of the instant case.

Appellate courts have consistently held that rear-end collisions usually present questions of fact and not of law. The general rule is well stated in *Lowenthal* v. *Mortimer,* 125 Cal. App.2d 636, at page 638 [270 P.2d 942], as follows:

"It is now well established that when one motor vehicle runs into the rear of another vehicle, negligence is a question of fact and not of law. (*Turkovich* v. *Rowland,* 106 Cal.App. 2d 445, 447 [235 P.2d 123]; *Wohlenberg* v. *Malcewicz,* 56 Cal. App.2d 508 [133 P.2d 12].) It is also the province of the jury to determine the proximate cause of an accident. (*Turovich* v. *Rowland, supra.*)

"Cases involving rear-end collisions are legion. Although the contention is made often that the leader alone, or the follower alone, is guilty of negligence, in general it has been held that the case as presented by each party creates a question of fact for the jury and not a question of law for the court. (*Donahue* v. *Mazzoli,* 27 Cal.App.2d 102 [80 P.2d 743].)

"The appellant relies upon *Gornstein* v. *Priver,* 64 Cal. App. 249 [221 P. 396]. The court, at page 255, there held that 'The mere fact that he does run down the vehicle ahead of him furnishes some evidence that he either was traveling at too high a rate of speed for a highway crowded with other vehicular travel or that he was following too closely the machine ahead of him. (See *O'Connor* v. *United Rail-*

*roads,* 168 Cal. 43, 47 [141 P. 809].)' But it concluded that 'whether in any particular case the operator of the rear vehicle is negligent if he drives his machine so as to cause a collision with the one ahead depends upon all the circumstances surrounding the happening of the accident, and almost invariably presents a question of fact for the decision of the jury. . . .'

"The reasonableness of the speed at which defendant operated his vehicle, whether plaintiff gave a hand signal indicating an intention to stop (see *Mazgedian* v. *Swift & Co.,* 22 Cal.App.2d 570 [71 P.2d 833], whether the stop was sudden, whether defendant was driving too closely behind plaintiff's vehicle, whether defendant was inattentive, all were questions of fact.

"The jury resolved those factual elements in favor of defendant. The evidence supports that finding, just as it would have supported a contrary finding."

█ In the instant case the evidence would support a jury finding that the pickup truck, in which appellant was riding, in a long line of cars, stopped suddenly without warning; that respondent immediately applied his brakes; that he had no opportunity to turn left or right; that his brakes were in good operating condition; that he had almost stopped his car when it struck the pickup, causing "a very slight dent" in its fender. Appellant's testimony that the driver of the pickup did not make a sudden stop created only a conflict in the evidence, its credibility being for the jury. The question as to whether respondent was following too closely was presented to the jury under proper instructions to which appellant takes no exception. Thus, the evidence presented a conflict upon the issue of negligence, which was resolved against appellant by the jury verdict.

Furthermore, the issue as to whether appellant Davis was injured at all in this accident was vigorously contested by respondent. The performance of heavy manual labor for a period of five days including the day of the accident, without complaint to his employer, permits an inference of noninjury. After his discharge, and one week after the accident, he complained to his employer about a claimed arm injury received some weeks before, but did not mention any injury from the instant accident. His lawsuit was filed within the next day or two. The evidence of traumatic injury produced by appellant merely created a conflict upon this issue. It cannot now be determined whether the jury verdict was

based upon absence of negligence or upon a lack of proof of traumatic injury.

In view of the conflict in the testimony we are unable to agree with appellants' contention that the evidence is insufficient as a matter of law to support the verdict of the jury. It was for the jury to weigh the evidence and resolve the conflicts therein, and where, as in the instant case, the evidence is in conflict, under well-settled rules of appellate procedure, the verdict of the jury is binding upon us.

A more serious question is raised by appellants' next contention that the court erred in failing to give the instruction requested by appellant on the doctrine of res ipsa loquitur. Appellant offered two instructions on res ipsa loquitur, the first (No. 18) reading as follows:

"From the happening of the accident involved in this case, as established by the evidence, there arises an inference that the proximate cause of the occurrence was some negligent conduct on the part of the defendants. That inference is a form of evidence, and if there is none other tending to overthrow it, or if the inference preponderates over the contrary evidence, it warrants a verdict for the plaintiff. Therefore, you should weigh any evidence tending to overcome that inference, bearing in mind that it is incumbent upon the defendants to rebut the inference by showing that they did, in fact, exercise ordinary care and diligence or that the accident occurred without being proximately caused by any failure of duty on their part. BAJI 206 B."

The second (No. 19) was the so-called educational instruction, BAJI 206C, which explains the circumstances under which the doctrine of res ipsa loquitur may be applied.

Appellants cite the case of *Merry* v. *Knudsen Creamery Co.*, 94 Cal.App.2d 715 [211 P.2d 905], in which the driver of an automobile sustained injuries when his vehicle, stopped for a traffic light, was struck from the rear by the defendant's truck due to a complete failure of its brakes. At page 721 the court said:

"In many cases it has been held that a collision between a moving automobile and a standing automobile, whether a parked vehicle or one momentarily at a standstill, calls for the application of the doctrine of res ipsa loquitur. *Bauhofer* v. *Crawford*, 16 Cal.App. 676 [117 P. 931]; *Slappey* v. *Schiller*, 116 Cal.App. 274 [2 P.2d 577]; *Creamer* v. *Cerrato*, 1 Cal. App.2d 441 [36 P.2d 1094]. See, also, authorities collected in 151 A.L.R. 878. To apply the rule is simply to say that

the circumstances of the particular accident justify an inference of negligence. Such a case was here presented."

In reply respondent contends that the language of *Merry* v. *Knudsen* which appears to extend the "parked car" rule to a car "momentarily at a stand-still" is dictum and points out that no instruction on res ipsa loquitur was given in that case. Respondent points out also that the cases cited in the Merry case in support of the above quotation were true "parked car" cases where the doctrine of res ipsa loquitur was applied in favor of a driver parked at the side of a road or street and there was no question as to the instrumentality causing the damage.

In view of the conflict in the evidence as to whether the pickup truck in which appellant Davis was riding made a sudden stop without warning, whether respondent had an opportunity to stop his automobile in time to avert running into the rear of the pickup truck, and whether appellant was injured at all as a result of the accident, we do not believe that it would have been proper to have given the instruction offered by appellant that "from the happening of the accident, as established by the evidence, there arises an inference that the proximate cause of the occurrence was some negligent conduct on the part of the defendant." And in the instant case we believe that such an instruction would have been confusing to the jury for the jury was fully and correctly instructed as to negligence and proximate cause and was further given the following instructions offered by appellants:

"You are instructed that section 531 of the Vehicle Code of the State of California, in full force and effect at the time of the accident under consideration provided as follows: 'The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon, and the condition of, the roadway.' "

"If a party to this action violated the statute just read to you, a presumption arises that he was negligent. This presumption is not a conclusive one. It may be overcome by other evidence showing that under all the circumstances surrounding the event the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence.

"To prove that a violation of a statute such as that charged in this case, was excusable and justifiable, so as to overcome

the presumption of negligence, the evidence must support a finding that the violation resulted from causes or things beyond the control of the person charged with the violation.''

Thus the jury was told that if respondent was following the pickup truck in which appellant Davis was riding more closely than was reasonable or prudent, a presumption arose that he was negligent and that to overcome the presumption he must produce evidence that the violation resulted from causes beyond his control. So, in view of the evidence in the instant case, as hereinbefore set forth, we are unable to agree with appellants' contention that the instructions offered by them on res ipsa loquitur should have been given, and we are also unable to agree that any prejudice resulted to appellants by the failure to give said instructions.

Appellants' final contention is that the trial court erred in giving an instruction on the doctrine of unavoidable accident because there was no evidence to support such an instruction. After giving the usual instruction on unavoidable accident the court on its own motion gave the following additional instruction:

''Bear in mind, however, that if the defendant failed to exercise ordinary care, and if that failure was a proximate cause of the accident in question, then, whether or not such conduct was the sole cause, the accident was not unavoidable, and the defense of unavoidability may not be maintained by that defendant.''

In the case of *Merry* v. *Knudsen Creamery Co., supra,* the trial court gave an instruction on unavoidable accident and a further instruction that the mere happening of an accident did not create an inference of negligence. Upon appeal the court said at page 720:

''Neither of the two instructions complained of can be held to be improper, under the circumstances presented by this case, in view of the fact that these instructions were immediately followed by an instruction in the language of 670(a) of the Vehicle Code concerning the requirement of adequate brakes, and the jury were told that a violation of the section requires a presumption of negligence which could be overcome by a showing that the conduct in question was excusable.''

In *Parker* v. *Womack,* 37 Cal.2d 116, the court said at pages 120, 121 [230 P.2d 823]:

''. . . Otherwise stated, and incorporating both factors

which relieve one from liability, an accident is inevitable or unavoidable when it is not proximately caused by negligence. As recently defined by this court, '. . . the so-called defense of inevitable accident is nothing more than a denial by defendant of negligence or a contention that his negligence, if any, was not the proximate cause of the injury.'. . .

" '. . . But if the accident was inevitable or unavoidable that is the same thing as to say that the defendant was not negligent, or that his negligence, if any, did not cause the accident. In other words, it is to say that the plaintiff has failed in his proof.' "

And in *Turkovich* v. *Rowland,* 106 Cal.App.2d 445 [235 P.2d 123], a rear-end collision case, plaintiff, a passenger in the front car, argued on appeal that the trial court erred in giving an instruction on unavoidable accident. The court said at page 448:

"Plaintiff complains of the giving of the usual instruction relative to unavoidable accident. Since plaintiff had the burden of proof to show that the accident was caused by negligence of the defendant driver, this instruction cannot be said to have been harmful to plaintiff's case. (*Parker* v. *Womack,* 37 Cal.2d 116 [230 P.2d 823].) "

We are satisfied that no prejudicial error was committed by the giving of the instructions on unavoidable accident.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.