[Civ. No. 9480. Fourth Dist., Div. Two. Apr. 2, 1970.]

GARDNER McCOWN, Plaintiff and Appellant, v.
BERRY CONSTRUCTION, INC., et al., Defendants and Respondents.

320

## COUNSEL

Beloud, Althouse & McDaniel and Vincent Keyes for Plaintiff and Appellant.

Dryden, Harrington & Swartz, Vernon G. Foster and John T. Butchko for Defendants and Respondents.

## OPINION

**KERRIGAN, Acting P. J.**—Plaintiff appeals from a judgment entered upon a jury verdict for defendants in a personal injury action arising out of a two-car rear-end collision. Plaintiff charges that the trial court erred in instructing the jury relative to the provisions of section 22107 [signaling before turning] and section 22109 [signaling before stopping] of the Vehicle Code, and that defendant was negligent as a matter of law because he was following too closely.

On June 12, 1963, the plaintiff, Gardner McCown, in his capacity as a drivers' license examiner of the State of California, was conducting a driving test of Warren S. Guy, age 73, to determine Guy's qualifications for a license renewal. Plaintiff was riding in the right front seat of a 1963 Cadillac owned and operated by Guy. The test commenced at the Ontario motor vehicle office. The accident happened just before the test was completed as the Cadillac was proceeding in an easterly direction on Fourth Street returning to the departmental office. The defendant, John Castle, was driving a Ford pickup truck owned by his employer, the defendant Berry Construction, Inc. As the pickup was proceeding east on Fourth Street, it followed the Cadillac a short distance to a point in front of the motor vehicle building. During most of the time that the Ford was following the Cadillac, the two vehicles were traveling between 15-20 m.p.h. Within the last 50 feet before reaching the building, the speed of the Cadillac was reduced to 8-10 m.p.h. and the defendant Castle decelerated accordingly. The plaintiff told Guy to turn into the driveway on the east side of the building. The defendant Castle glanced in his rearview mirror on the left hand side of the Ford, and when he again looked forward, the Cadillac had suddenly stopped in front of him. The front of the Ford

collided with the rear of the Cadillac. The defendant-driver testified that Guy gave no arm or mechanical signals prior to the impact.

Following the accident, defendant Castle talked with plaintiff's driver and told Guy that he had not observed any signal. He asked Guy to work the directional lights on the Cadillac and, when an attempt to do so was made, the signals failed to work for a period of three-four minutes before functioning.

The issues before the trial court were defined as follows: (1) negligence; (2) proximate cause; and (3) nature and extent of injuries and damages.[1]

The court gave the following instructions: "Section 22107 of the California Vehicle Code provides as follows:

"Turning movements and required signals: No person shall turn a vehicle from a direct course or move right or left upon a roadway until such movement can be made with reasonable safety and then only after the giving of an appropriate signal . . . in the event any other vehicle may be affected by the movement.

"California Vehicle Code Section 22109 provides as follows:

"Signal when stopping: No person shall stop or suddenly decrease the speed of a vehicle on a highway without first giving [an] appropriate signal . . . to the driver of any vehicle immediately to the rear when there is opportunity to give the signal.

"If you find that [the driver of] a vehicle involved in this action violated [the aforesaid sections], you will find that such violation was negligence unless you find by a preponderance of the evidence that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law.

"However, in this action, a violation of law is of no consequence unless it was a proximate cause of or contributed as a proximate cause to an injury found by you to have been suffered by the Plaintiff." (BAJI 149-B.)

Plaintiff maintains that he was not chargeable with the contributory negligence, if any, of his driver (see *Hutchison* v. *Elliott*, 183 Cal.App.2d 263 [7 Cal.Rptr. 77]), and that the rendition of the instruction defining a driver's duty to signal before stopping or turning tended to

---

[1]While defendants' answer alleged the affirmative defense of contributory negligence on the part of plaintiff, imputation of negligence was not pleaded. Prior to the commencement of trial, defendants waived the defense of contributory negligence and stipulated that the trial proceed on the issues defined herein.

confuse the jury into believing that the negligence of plaintiff's driver was imputable to him, thereby resulting in the defense verdict.

■ In a rear-end collision, the questions of negligence and proximate cause are for the jury. (*Davis* v. *Ewen,* 148 Cal.App.2d 410, 413 [306 P.2d 908]; *Lowenthal* v. *Mortimer,* 125 Cal.App.2d 636, 638 [270 P.2d 942].) ■ Jury instructions relevant to the conduct of both drivers are proper because the conduct of the driver of the rear car is to some extent dependent on the conduct of the driver of the first car. (*Crutchfield* v. *Davidson Brick Co.,* 55 Cal.App.2d 34, 36 [130 P.2d 183].)

In a remarkably analogous rear-end accident case, passengers in the front car sued the driver of the rear car; the evidence indicated that car No. 1 had stopped to make a left turn and that the driver of car No. 2 was traveling 18-20 feet behind the first car at a speed 20-25 m.p.h. and observed no signal; the trial court rendered an instruction on the duty of a driver to signal before stopping; the reviewing court held that the signal-when-stopping instruction was properly given because the issue of whether or not the signal was given is relevant to the jury's determination of proximate cause. (*Turkovich* v. *Rowland,* 106 Cal.App.2d 445, 448 [235 P.2d 123].)

■ In the case under review, the jury was confronted with the following possibilities: (1) Defendant alone was solely negligent and was the proximate cause of plaintiff's injuries; (2) defendant and plaintiff's driver were both negligent and caused plaintiff's injuries; (3) plaintiff's driver was solely negligent; and (4) neither driver was negligent. (See *Wohlenberg* v. *Malcewicz,* 56 Cal.App.2d 508, 511 [133 P.2d 12].)

■ The defendant in a personal injury action is entitled to have the jury instructed on all his theories. (*Phillips* v. *G. L. Truman Excavation Co.,* 55 Cal.2d 801, 806 [13 Cal.Rptr. 401, 362 P.2d 33]; *Sills* v. *Los Angeles Transit Lines,* 40 Cal.2d 630, 633 [255 P.2d 795].) **(1c)** The jury here could not determine whether defendant's conduct was a proximate cause of the accident without also examining the conduct of plaintiff's driver. (*Krupp* v. *Los Angeles Ry. Corp.,* 57 Cal.App.2d 695, 698 [135 P.2d 424].) The instructions complained of were properly given. The jury obviously found that Guy's negligence was the sole, proximate cause of plaintiff's injuries and that the defendant was free from liability.

■ Plaintiff's final contention is that the defendant was negligent as a matter of law because he was following too closely.[2] Only rarely may

---

[2]The court also rendered an instruction at plaintiff's request outlining the provisions of section 21703 of the Vehicle Code [following another vehicle too closely] framed in the language of BAJI 149-B.

an appellate court say that a party was guilty of negligence proximately causing an accident as a matter of law. (*Wohlenberg* v. *Malcewicz, supra,* 56 Cal.App.2d 508, 511.) In a two-car collision, the space between vehicles may be so slight that it can be stated, as a matter of law, that a violation of the statute occurred. (*Landrum* v. *Severin,* 37 Cal.2d 24, 26 [230 P.2d 337].) However, the space and speed factors in the case under review would not support such a legal conclusion. Defendant initially was traveling at 15-25 m.p.h. following approximately 15-20 feet behind the Cadillac, and slowed as the first car slowed. Under such circumstances, the question as to whether the defendant was following too closely is a factual one (see *Leighton* v. *Dodge,* 236 Cal.App.2d 54, 57 [45 Cal.Rptr. 820]), and the trial court acted properly in allowing the jury to resolve the issue.

The judgment is affirmed.

Tamura, J., and Gardner, J., concurred.