[Civ. No. 5378. First Appellate District, Division One.—October 5, 1926.]

JOHN J. LAWRENCE, Appellant, v. T. I. BUTLER et al., Respondents.

[1] NEGLIGENCE — COLLISION BETWEEN AUTOTRUCK AND AUTOMOBILE — INJURIES TO AUTOMOBILE — DAMAGES — EVIDENCE — CARE. — In an action for damages for injuries to plaintiff's automobile when struck by a loaded five-ton autotruck, which was being operated up a steep hill by an employee of defendants, the question as to whether or not the driver of the truck used due care and circumspection, within the meaning of section 121 of the California Vehicle Act (Stats. 1923, p. 537), in turning from a street railroad track along which he was traveling on to the right-hand side of the paved highway, which he knew was more or less spotted with grease which had accumulated on the pavement as the result of oil dripping from motor vehicles, in order to permit a cable

car approaching from the rear to pass, thus causing him to lose control of the truck, which backed down the hill until it collided with plaintiff's parked automobile, was one of fact to be determined by the trial court from all the circumstances before it.

[2] ID. — HIGHWAYS — CONDITION OF PAVEMENT — EVIDENCE.—In such action the trial court did not err in excluding testimony tending to show that due to the condition of the pavement on the right-hand side of the street the driver of the truck should have turned on to the left side of the street, where the evidence failed to establish that it was impracticable to travel on the right half of the street, and the question of the condition of the left half thereof became immaterial.

[3] ID.—ELEMENTS NOT CONTRIBUTING TO INJURY—EVIDENCE—PROPER EXCLUSION OF EXPERT TESTIMONY.—In such action the trial court properly sustained defendants' objections to certain hypothetical questions propounded to plaintiff's expert witness to the effect that, if the brakes on a truck are in good condition, and are properly applied, even in going up a hill, would the truck slide back, and whether or not, if the brakes of a five-ton truck carrying approximately a five-ton load and going up a twenty-three per cent grade were properly applied, the brakes would stop the truck, where the element shown by the testimony of all the witnesses to have been the sole contributing cause of the backward movement of the truck, namely, the greasy condition of the pavement, was wholly omitted from both questions.

[4] ID.—WITNESSES—EXPERTS—INSUFFICIENT BASIS FOR EXPERT TESTIMONY.—In such action, assuming that the proposed hypothetical questions had included a reference to the greasy condition of the pavement, they still would have been objectionable for the reason that the question of what the effect would be of locking the wheels on a loaded five-ton truck sliding backward down hill on a twenty-three per cent brick-paved grade, spotted with an unknown quantity of grease, obviously would be problematical and could not be determined from like experiences, or as a result of professional research, which is substantially the basis of expert testimony.

[5] ID.—OPERATION OF AUTOTRUCK — EFFECT OF APPLICATION OF BRAKES—IMPROPER HYPOTHETICAL QUESTION—EVIDENCE.—In such action, there was no error in sustaining an objection to a hypothetical question propounded to plaintiff's expert witness as to whether the wheels of the truck would revolve if the brakes were applied, since a negative reply would not necessarily have been in conflict with the testimony of the driver that the brakes were fully applied and that they were effective, in view of his further testimony that in his endeavor to avoid striking defendant's automobile with the truck during its retrograde movement, he tried

to make it mount the curb and rest against a telephone pole, from which testimony the inference may be fairly drawn that he may have momentarily released the pressure on the brakes and thus allowed the rear wheels to revolve backward in his effort to steer the truck into and over the curb.

---

(1) 42 **C. J.**, p. 1242, n. 96, p. 1248, n. 70.   (2) 42 **C. J.**, p. 1223, n. 43 New.   (3) 22 **C. J.**, p. 711, n. 77.   (4) 22 **C. J.**, p. 709, n. 45 New.   (5) 22 **C. J.**, p. 713, n. 96.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

George E. Sandford and Dean Sherry for Appellant.

Cooley & Gallagher for Respondents.

KNIGHT, J.—Plaintiff appeals from a judgment in defendants' favor in an action brought to recover damages on account of injuries sustained by plaintiff's automobile, which was struck by a truck owned by defendant T. I. Butler Company and operated by defendant Norman MacIntosh.

Plaintiff's cause of action was based upon an allegation charging that at the time the accident happened the truck was being negligently and carelessly controlled, driven, and operated, which allegation was denied in the answer. The cause was tried on that issue, the trial court finding thereon in defendants' favor. There appears to be little if any conflict in the evidence regarding the manner in which the collision occurred, the principal question presented for determination being whether the conclusion reached by the trial court to the effect that the truck was not negligently operated is fairly supported by the undisputed facts.

Early in the afternoon on the day of the accident plaintiff parked his automobile along the curb on the right-hand side of Powell Street, between Bush and Pine Streets, San Francisco, leaving it there while he attended a theater. The ascent in the grade on Powell Street between the two intersecting streets mentioned is about twenty-three per

cent, and up the center of the street run the double tracks of a cable-car line. A black streak of oil or grease eighteen inches or two feet wide had been accumulating for some time on the brick pavement close to the curb, on the right-hand side of Powell Street, for the entire dis- · tance of the block, as a result of oil dripping from motor vehicles which had been driven up the hill and from those parked along the curb. This condition of the pavement was similar to that existing on many other hills in San Francisco, according to the testimony. On the day mentioned MacIntosh, the truck driver, had been hauling gravel with a five-ton Kleiber truck up the Powell Street hill to a construction job on Pine Street, between Powell and Mason Streets. Shortly after 4 o'clock in the afternoon he started to ascend the Powell Street hill on his third trip, his truck being loaded with five tons of gravel. As he entered Powell Street at Bush and proceeded toward Pine, his truck was traveling in the "low-low" gear at a rate of speed not exceeding five miles an hour, "straddling" the outer rail of the right-hand cable-car track. When he was nearly opposite plaintiff's parked automobile a cable car approached from the rear, sounding the gong, and in order to give it clearance, MacIntosh, having then passed plaintiff's automobile, which was the last one parked on that side of the street, pulled away from the cable car tracks to the right. As he reached a spot near the curb, the right rear wheel of the truck rolled into a spot of oil or grease on the pavement, causing the rear wheels to lose traction. The truck then started to slide backward, "bursting out" the clutch, and despite the efforts of MacIntosh to control its movements by the application of the brakes, continued its backward course slowly down the hill. Meanwhile MacIntosh, seeking to check its movement, tried to make it "jump" the curb and to back it into a telephone pole, but was unable to do so, and it proceeded backward until it jammed into plaintiff's automobile, damaging the front end thereof and the motor. After the impact the wheels of the truck gained traction and the truck proceeded up the hill. The collision occurred about sixty or seventy feet from the Pine Street intersection with Powell Street.

[1]   Appellant contends that considering the weight of
the load the truck was carrying and the grade of the
street in that block, the driver failed to use due caution
and circumspection, as is required by section 121 of the
Motor Vehicle Act (Stats. 1923, p. 557), in turning on to
a pavement which he knew was more or less spotted with
grease, and that consequently he stands charged as a mat-
ter of law with negligence, citing in support of this con-
tention the case of *Raymond* v. *Sauk County*, 167 Wis. 125
[L. R. A. 1918F, 425, 166 N. W. 29]. The principle of
the case cited is not in point here, however, because the
facts there showed that the driver knew that the highway
on to which he was about to drive his automobile had just
received a fresh application of tar and oil, and the court
therefore held that common knowledge should have dic-
tated that it was in a slippery and dangerous condition.
The evidence here shows that at the time the accident hap-
pened there was no moisture on the street, the weather
was clear and the condition of the pavement on the right
half of the street was no different in appearance from
that of many other hilly streets in the city over which
motor vehicles of all kinds passed daily.   Section 122 of
the Motor Vehicle Act (Stats. 1923, p. 557) requires that
"on all occasions, the driver of a vehicle shall drive the
same upon the right half of a public highway and close
to the right-hand edge or curb of such highway unless it
is impracticable to travel on such side of the highway
. . . "   The right half of the street beyond the point
where plaintiff's automobile was parked was unobstructed
and, therefore, in pulling away from the street-car tracks
and over toward the curb on the right-hand side of the
street the driver of this truck was doubtless obeying the
provisions of the law above quoted, but in doing so came
in contact with a spot of oil recently deposited, as the
proof indicates, which could not be readily detected in the
black streak while traveling up the hill, and it resulted in
placing the truck temporarily beyond the control of its
own mechanism.   In any event, the question of whether
or not it should have appeared to the truck driver as a
reasonably prudent man that it was impracticable to travel
on the right half of the street was one of fact to be deter-
mined by the trial court from all the circumstances then

before it, and we are unable to declare as a matter of law from the mere fact of the discoloration of the pavement with oil that the trial court's conclusion on this issue was erroneous.

[2] Appellant furthermore contends, upon the assumption that the presence of the black streak of oil on the right-hand side of the street made it impracticable to travel on that side, that if it were necessary for the truck driver to divert his course at all, in order to let the cable car pass, he should have turned on to the left side of the street, and in furtherance of this theory sought to show on cross-examination of the truck driver the condition of the pavement on the left side of the street; but the trial court excluded the testimony, and the ruling is assigned as error. We find no merit in the point, because, as already shown, the evidence failed to establish that it was impracticable to travel on the right half of the street, and, therefore, the question of the condition of the left half thereof became immaterial. As was said by the trial court when making the ruling complained of, the law required the driver, under the circumstances present, to use the right side of the street, and hence he could not be deemed guilty of negligence for not using the left side thereof.

[3] We find no error in the trial court's rulings sustaining respondents' objections to certain hypothetical questions propounded to appellant's expert witness. One of the questions asked was: "If the brakes on a truck are in proper condition, and the brakes are properly applied, even going up a hill, will the truck slide back?" Another was, after particularizing the Powell Street hill with which the witness said he was familiar, "State whether or not if the brakes of a truck going up that hill, a five-ton truck carrying approximately a five-ton load, are properly applied, whether or not the proper application of the brakes would stop the truck." It will be noted that the very element which was shown by the testimony of all witnesses to the accident, including that of a traffic officer, to have been the sole contributing cause of the backward movement of the truck, namely, the greasy condition of the pavement, was wholly omitted from both questions. If, therefore, appellant was seeking to prove that the accident could have been averted by the proper application of effec-

tive brakes, the substance of the questions asked was foreign to the situation described by the undisputed evidence in the case.

[4] But, assuming that such hypothetical questions had included the essential element mentioned, they would still have been objectionable, for the reason that the question of what the effect would be of locking the wheels on a loaded five-ton truck sliding backward down hill on a twenty-three per cent brick-paved grade spotted with an unknown quantity of grease obviously would be problematical and could not be determined from like experiences or as a result of professional research, which is substantially the basis of expert testimony.

There was no question involved here as to the distance in which a motor vehicle might be stopped under ordinary road conditions, by the proper application of effective brakes, as was presented in *Berkovitz* v. *American River Gravel Co.*, 191 Cal. 195 [215 Pac. 675]; nor does the question arise as to whether the driver negligently omitted to do something which a prudent person would have done in handling the truck after the emergency arose, which was the issue in the case of *Alameda County* v. *Tieslau*, 44 Cal. App. 332 [186 Pac. 398], for the only evidence given on this point was that the brakes were fully and effectively applied as soon as the wheels lost traction in the grease. The rules of the cases cited upon which appellant relies are, therefore, not controlling here.

[5] MacIntosh testified that when the wheels of the truck first lost traction and the clutch "burst out" he fully applied the brakes and that they were in good working order, but that the application of the brakes did not prevent the retrograde movement of the truck; that thereafter it continued to slide, the rear wheels at times revolving slowly backward. In this connection the third hypothetical question objected to was: "If the brakes of a large truck are in good working condition and those brakes are applied, will the wheels of that truck revolve?" Plaintiff did not plead the matter of defective brakes as an element of negligence, but assuming that under the general issue the trial court might well have allowed the question to be answered, a negative reply thereto would not necessarily have been in conflict with the testimony given by Mac-

Intosh that the brakes were fully applied and that they were effective, for he further testified that in his endeavor to avoid striking appellant's automobile with the truck during its retrograde movement, he tried to make it mount the curb and rest against a telephone pole, from which testimony the inference may be fairly drawn that he may have momentarily released the pressure on the brakes and thus allowed the rear wheels to revolve backward in his effort to steer the truck into and over the curb.

Appellant urges additional points relating to the sufficiency of the evidence supporting a finding of the trial court that appellant's loss was covered by a policy of indemnity insurance and that the damaged automobile had been repaired by the insurance carrier and not by plaintiff; also that, regardless of the cost of the repairs, appellant was entitled to damages for the loss of the use of the automobile; but in view of our conclusion that the trial court's finding to the effect that respondents were not negligent is fairly sustained by the evidence, we deem it unnecessary to inquire into the additional points mentioned.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.