[Civ. No. 23522.   Second Dist., Div. One.   Nov. 30, 1959.]

THELMA RUBENSTEIN, Appellant, v. OHRBACH'S INC. (a Corporation) et al., Respondents.

Elaine B. Fischel for Appellant.

George R. Haswell, Robert R. Smith and Ray C. Bennett for Respondents.

SCOTT (Robert H.), J. pro tem.*— Plaintiff brought this action seeking damages for personal injuries which she claimed were the proximate result of alleged negligent acts of one of defendant's employees. The matter was submitted to a jury which returned a verdict in favor of defendant and from the judgment based thereon plaintiff appeals.

The first ground of appeal is that "[t]he findings are not supported by the evidence and the judgment is against the law." The transcript discloses the following as plaintiff's recollection of the incident: Accompanied by a 7-year-old daughter and an infant child who was seated in a stroller, the plaintiff entered defendant's store to make a purchase. She had left the parking lot, entered the store from the rear and proceeded toward an elevator. She testified that while standing near the elevator she felt an impact caused by a hand truck, cart, or dolly, with cartons piled on it; that she felt pain, lurched forward and heard a shout from a woman nearby; that the pusher of the truck said, "Well, I'm sorry. I didn't mean it," that plaintiff did not speak to or talk with the employee; that plaintiff and the children entered the elevator and went up to the second floor; that when she bent over to adjust the child in the stroller she got a sharp pain down her right buttock, the back of her thigh, and, on complaining to an employee, was taken to see the store nurse; thereafter,

---

*Assigned by Chairman of Judicial Council.

she drove her car to her home and later received medical attention for the bruise and some resulting discomfort.

The pusher of the truck testified that he was standing behind it, pushing it with both hands; that he could see ahead but could not see over or under the load; that he stopped to look on either side to see if anybody was there because there were counters and people could walk out of the side counters; that he looked around the left side and then looked around the right side, pausing briefly from time to time before looking; that someone stepped out in front of him and walked toward the elevator and that was all he saw; that he did not hear a shout but did have a recollection of somebody saying something and standing there giving him a "rather dirty look," and saw plaintiff with her hand on her hip. Plaintiff and this employee were the only witnesses present at the scene of the incident who testified at the trial.

Whether the conduct of the employee or of plaintiff was negligent was a matter of fact for the jury to decide, and it cannot be said that their implied finding adverse to plaintiff was without evidentiary support or contrary to law.

■ An appellate court will review the evidence in the light most favorable to the respondent, will not weigh the evidence, will indulge all intendments and reasonable inferences which sustain the trier of the facts and will not disturb its finding if there is substantial evidence in the record to support it. It is not the province of the reviewing court to analyze conflicts in the evidence. (*Mason* v. *Ochinero*, 157 Cal. App.2d 624, 626 [321 P.2d 467] ; 4 Cal.Jur.2d 485 et seq.)

■ Plaintiff's second ground of appeal relates to one instruction (BAJI 131) given before taking of testimony had started and two requested on res ipsa loquitur (BAJI 206B and 206D), and not given.

In its effort to furnish the jury with a legal yardstick with which to measure and evaluate the evidence the trial court gave comprehensive instructions on legal principles, especially relating to the issue of liability, before the witnesses testified. This was done after plaintiff's opening statement had been made. Before doing so the court, outside of the presence of the jury, informed counsel of his intended procedure and gave them an opportunity to object, eliciting from plaintiff's counsel not only no objection or request for clarification as to the precise instructions to be thus given but also her approval by saying, "That's a good idea."

Thereupon, these preinstructions were given which were

sufficiently comprehensive to require 25 pages of reporter's transcript to record them. The language used was substantially that used in BAJI, fortified in places by a restatement in laymen's wording where the meaning might not be readily grasped by jurors.

Of all of these instructions given, plaintiff complains of only one, which was as follows: "Now, the mere fact that an accident happened, if it is considered alone, does not support, of itself, an inference that any party to this action was negligent." (BAJI 131.) This was given about midway through the instructions. When they had been given and before testimony commenced the court cautiously inquired of counsel whether, in view of the instructions just given, any other instruction was requested at that time, which both counsel declined. When the court then asked, "Have counsel noted any errors, omissions, or slips of the tongue in the Court's reading of the instructions or any explanations given?" defense counsel said, "No," but plaintiff's counsel merely inquired if the court had read to the jury any requested instructions not submitted in printed form and on being informed that it had not done so, stated that she was not requesting that any of them be given at that time, but voiced no other objection or request.

On appeal, plaintiff's protest against the giving of this instruction is coupled with her declaration that the trial court erred in not giving the jury her requested instruction on res ipsa loquitur as follows:

"From the happening of the accident involved in this case as established by the evidence, an inference arises that the proximate cause of the occurrence was some negligent conduct on the part of the defendant. That inference itself is a form of evidence, and if none other exists tending to overthrow it, or if the inference . . . preponderates over contrary evidence, it warrants a verdict for the plaintiff. Therefore, you should weigh any evidence tending to overcome that inference, bearing in mind that it is incumbent upon the defendant to rebut the inference by showing that . . . it did, in fact, exercise ordinary . . . care and diligence or that the accident occurred without being proximately caused by any failure of duty on . . . its part."

The instructions requested by plaintiff on res ipsa loquitur (BAJI 206B and 206D) were properly refused and it does not seem that the giving of BAJI 131 could have misled the jury or prejudiced plaintiff. Even the combination of the

two in certain cases has been held to be not prejudicial. (*Seedborg* v. *Lakewood Gardens* etc. *Assn.*, 105 Cal.App.2d 449, 455 [233 P.2d 943].)

■ The res ipsa loquitur instruction does not become applicable to a case unless several factors concur in addition to the mere happening of the accident: (1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must have been caused by an agency or instrumentality within the exclusive control of the defendant and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff. (*Barrera* v. *De La Torre*, 48 Cal.2d 166, 169 [308 P.2d 724]; *Ybarra* v. *Spangard*, 25 Cal.2d 486, 489 [154 P.2d 687, 162 A.L.R. 1258].)

■ It is ordinarily a question for the fact finder whether facts which give rise to the res ipsa loquitur inference of negligence actually exist. (*Danner* v. *Atkins*, 47 Cal.2d 327, 331 [303 P.2d 724].) ■ If certain elements of the doctrine of res ipsa loquitur were not present such doctrine became inapplicable and the jury were properly advised that they could not draw an inference of negligence on the part of defendant merely because an accident had happened. (*Middleton* v. *Post Transportation Co.*, 106 Cal.App.2d 703, 705 [235 P.2d 855].)

■ In the instant case the jury properly may have concluded from the evidence that any impact was due to a movement of plaintiff into the path of the hand truck which movement was of such a nature and in such a direction that it was not seen or anticipated by defendant's employee even though he was exercising ordinary care. It is not asserted that BAJI 206 was requested and refused so that the jury would have been told that, "[i]f, and only in the event, you should find that there was an accidental occurrence *as claimed by the plaintiff* namely: (setting out the claim)" it could apply the doctrine. Reliance was placed on the instruction 206B above quoted which says in part: "From the happening of the accident involved in this case, as established by the evidence there arises an inference that the proximate cause of the occurrence was some negligent conduct on the part of the defendant." This would in effect have usurped the function of the jury and constituted a predetermination by the court of an essential question of fact which it was the jury's right and duty to decide. (*Seneris* v. *Haas*, 45 Cal.2d 811, 823 [291 P.2d 915, 53 A.L.R. 2d 124].) BAJI 206D relating to preponderance of evidence in a res ipsa loquitur case was clearly not appropriate

where the doctrine itself did not apply and an instruction on it was properly refused.

Plaintiff next declares that the trial judge's reception of certain evidence relating to another claim for damages by plaintiff was prejudicial misconduct. It appears that plaintiff had denied similar prior injury and defendant had sought to show that plaintiff on an earlier occasion had made a claim for damages arising from injuries received in an accident occurring before this happening in defendant's store. There is no doubt that plaintiff had sustained some injury in a prior accident for which she had made a claim and had received some amount in settlement. Her attorney at that time had forwarded to a representative of the defendant in that earlier case a statement by a doctor purporting to show injuries sustained by this plaintiff. During the trial of the instant case plaintiff's counsel stipulated that the report of this doctor, apparently relating to this plaintiff's earlier injuries, could be brought to the attention of the jury. Later it was claimed that this report thus admitted by stipulation did not concern this plaintiff but concerned another patient by the same name but with a different age and address as shown by the report. At her request plaintiff was thereupon relieved of the stipulation and the jury was so informed and was instructed to disregard the report.

Plaintiff's counsel does not suggest that she had conferred with her client regarding this report before the stipulation was entered into, to find out whether it was correct.

The report on its face showed an age and address which plaintiff later claimed were not hers, insisting that this report did not relate to this plaintiff. If her counsel had brought this to the attention of the trial court the stipulation to its admission into evidence would have been avoided. No claim was made that defendant's counsel had sought to mislead anyone, but plaintiff's counsel now reproaches the trial judge for the result of her own inadvertence.

When the stipulation was about to be withdrawn the court was asked by plaintiff's counsel: "Would your Honor comment on the fact why we are withdrawing it?" and the reply was, "No." No explanation to the jury was made by counsel, there was no request for permission to thus explain and the court did not refuse to allow comment by plaintiff on the reason for withdrawing the stipulation. The transcript contains no support for the claim that the court thus precluded such comment nor does it appear just what words would have

constituted such explanation. No authority is cited in support of the suggestion that under these circumstances there was any prejudicial misconduct of the trial court.

Judgment is affirmed.

Fourt, Acting P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 27, 1960. Peters, J., was of the opinion that the petition should be granted.