[Civ. No. 32589. First Dist., Div. Three. Aug. 30, 1974.]

JOSEPH F. STEUER et al., Plaintiffs and Appellants, v.
ARTHUR PHELPS et al., Defendants and Respondents.

**COUNSEL**

Lew M. Warden, Jr., for Plaintiffs and Appellants.

Berry, Davis & McInerney, Thomas McInerney, Douglas L. Field, J. Patrick Collins, Bennett, Van De Poel, Campbell & Ginder and Bryant M. Bennett for Defendants and Respondents.

**OPINION**

**DRAPER, P. J.**—This case was treated at trial, and is largely argued here, as presenting the issue of individual liability of members of an unincorporated association. Some nine members of the Gethsemane Gospel Lighthouse Church had disagreements with the minister. They withdrew and associated themselves together as a "mission" or "little church" which held regular services in the home of one of them. The mission apparently adopted no name. With funds either acquired from their former church or from offerings to the mission, they purchased a used station wagon. Upon the advice of an insurance agent, they registered the car in the name of

one of their members, Louis Bell, and secured liability insurance upon it. There is evidence that all nine agreed that the car was to be used and driven by Mrs. Belzora Henry, one of their number. There is testimony, although contradicted, that she was to use the car solely to drive members and their children to and from services at the mission, and that the gasoline was paid for by the group constituting the mission.

One Sunday, Mrs. Henry, with several children of members in this car, started to a service at the mission. The car swerved over the double line and collided with one driven by plaintiff Joseph F. Steuer, in which his wife and children were passengers. Defendant Phelps was driving behind the Steuer car, in the same direction, and in the lane to its right. Steuer veered his car to the right just before the collision, and when it was stopped by the head on collision, it was struck from the rear by the Phelps car. The several Steuers alleged personal injuries and brought this action for damages against Mrs. Henry, Bell, the seven other members of the church group, that group as an entity (sued as the Assembly Gospel Lighthouse Church), and Mr. and Mrs. Phelps. The issue of liability was separately tried to a jury. Judgment upon the several verdicts was entered in favor of plaintiffs against the estate of Mrs. Henry, driver of the station wagon, Louis Bell as registered owner of that vehicle, and the unincorporated church association, but against plaintiffs and in favor of the defendant members of the church group, insofar as they were sued in that capacity. Judgment also was in favor of defendants Phelps. Plaintiffs appeal.

The early rule was that an unincorporated association had no separate entity or existence apart from that of its members. As a corollary, liability fell upon the individuals. In 1962, California declined to follow this rule as to unincorporated labor unions, and allowed a member to maintain an action against the union, as an entity, for injury resulting from the union's negligent maintenance of a parking lot. (*Marshall* v. *International Longshoremen's & Warehousemen's Union,* 57 Cal.2d 781 [22 Cal.Rptr. 211, 371 P.2d 987].) The court pointed out that the earlier rule was arrived at by analogy to the rules governing the field of business partnerships. "When these concepts are transferred bodily to other forms of voluntary associations such as fraternal organizations, clubs and labor unions, which act normally through elected officers and in which the individual members have little or no authority in the day-to-day operations of the association's affairs, reality is apt to be sacrificed to theoretical formalism." (Pp. 783-784.) The court held that the member plaintiff could sue the union "for negligent acts which he neither participated in nor authorized," but that any judgment he might recover "can be satisfied from the funds and property of the union alone." (P. 787.) This rule has been applied to owners

of condominium apartments (*White* v. *Cox,* 17 Cal.App.3d 824 [95 Cal. Rptr. 259, 45 A.L.R.3d 1161].)

■ Respondents argue that *Marshall* is applicable here. We cannot agree. Unlike a labor union or a condominium, this church association had no officers and no management personnel. Apparently its sole business transaction (aside from small purchases of printed religious material) was the purchase, by down payment, of the station wagon. There is evidence that each individual member, rather than an officer, manager, or committee, participated directly in entrusting the car to Mrs. Henry to operate exclusively for purposes of the association. ■ Under the doctrine of *respondeat superior,* it is elemental that one who entrusts another with the operation of his automobile is liable for the negligent operation of the vehicle, even though he neither authorized nor approved the driving in a negligent manner.

■ But the jury was instructed that "[y]ou may not find the individual members of the association liable for the negligent acts of . . . Mrs. Henry unless you find that such acts occurred with the participation, knowledge or approval of said individual members."

This instruction is overly broad. Mere authorization to Mrs. Henry to operate the car fastens liability upon the individual members who gave that authorization. It is by no means necessary that they approved her "negligent acts." The ·entruster of an automobile to another seldom, if ever, specifically authorizes the operator to drive negligently. Yet the instruction directs the jury to find for individual members unless it finds that "such (i.e., negligent) acts were participated in, known to, or approved by these individual members." Respondents' arguments here strongly imply that this was precisely the interpretation intended by the instruction. Respondents' reliance upon a 1967 decision (*Orser* v. *George,* 252 Cal.App.2d 660 [60 Cal.Rptr. 708]) is misplaced. The quotation relied upon is mere dictum, as that court itself described the "factor of club membership" as "an irrelevant issue." Moreover, *Orser* carefully points out that the tortious shooting there involved "was no part of the purposes for which the duck hunting club was formed." Here, the automobile was purchased and entrusted to Mrs. Henry to increase attendance at services, an obvious purpose of any religious group.

We are most sympathetic to those who formed this association solely for religious purposes, without possibility or thought of worldly gain, and we are aware of the strong implication from the record that no practical benefit to plaintiffs will accrue from a judgment against the individuals. But strong public policy fixes liability upon those who entrust operation of

an automobile to one who injures others by driving it negligently. If the members of the association in fact individually joined in entrusting the car to Mrs. Henry, they are individually liable to plaintiffs here. The instruction given did not present this issue to the jury.

■ We find no error in refusal of a requested instruction upon conditional res ipsa loquitur as applied to respondent Phelps. That rule may properly apply to a collision between a moving vehicle and one that is stationary (*Mercer* v. *Perez,* 68 Cal.2d 104, 126 [65 Cal.Rptr. 315, 436 P.2d 315]; *Getas* v. *Hook,* 236 Cal.App.2d 705, 715 [46 Cal.Rptr. 249]). Here both vehicles were moving in the same direction and in different traffic lanes. The sudden movement of an oncoming car over the double line and the ensuing Henry-Steuer collision caused Steuer's movement into the Phelps' lane and the violent and sudden stopping of the Steuer car. Upon no view of the record could res ipsa apply.

■ The trial court did err in instructing that contributory negligence could be a defense as against Mr. Steuer, the driver of his family car. It is true that, when he saw the Henry vehicle cross the double line and approach him head on, he swerved slightly to the right, into the lane in which the Phelps' car was being driven. But it is clear that, in this sudden emergency, he but did what a reasonable man in like circumstances would have done. The error, however, was not prejudicial. The instruction specifically limited this defense to the claim of Mr. Steuer, and not to the other occupants of his car. Yet the jury found in favor of Phelps and against Mrs. Steuer and the Steuer children, as to whom that defense specifically did not apply. This fact, and the extreme thinness of evidence as to any possible negligence of Phelps, lead us inescapably to the conclusion that Mr. Steuer was in no way prejudiced by the error. For the same reasons, we find no prejudice, even if there were error, in instructing the jury upon the Vehicle Code sections (21653 and 22107), limiting movement from one traffic lane to another.

Appellants assign misconduct of counsel as a ground for their motion for new trial. The trial court denied that motion. Our own detailed review of the record inclines us against appellants' view. In any case, we cannot say that the trial judge's determination of this issue was "plainly wrong" (*Cope* v. *Davison,* 30 Cal.2d 193, 203 [180 P.2d 873, 171 A.L.R. 667]; *Sabella* v. *Southern Pac. Co.,* 70 Cal.2d 311, 318 [74 Cal.Rptr. 534, 449 P.2d 750]).

The judgment in favor of respondent Phelps is affirmed. That in favor

of the remaining individual respondents, as members of the unincorporated association, is reversed.

Brown (H. C.), J., and Coughlin, J.,* concurred.

Petitions for a rehearing were denied September 27, 1974, and the petitions of appellants and respondent Bell for a hearing by the Supreme Court were denied October 24, 1974.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.